UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY W. FARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00898-ACL |
| LT. ADAM BENNETT, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff Gary W. Farris to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $20. Furthermore, because plaintiff has brought his claims against defendants in their official capacities only, they are subject to dismissal. The Court will order plaintiff to file an amended complaint if he wishes to proceed with his case.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff states that the Warren County Jail cannot print a copy of his inmate account statement. He states that he receives between $50 and $150 per month from his brother. Based on this information, the Court finds plaintiff has an average monthly deposit of $100. The Court will charge plaintiff an initial partial filing fee of $20, which is twenty percent of his average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*,

364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging defendants violated his constitutional rights when they delayed treating and then failed to adequately treat his serious medical condition at the Warren County Jail. Named as defendants are the following officers and employees of the Jail: Lt. Adam Bennett, Sgt. Julie Poirier, Sgt. Heather Conley, CO Angie Martin, and Nurse Olivia Unknown. Plaintiff sues all defendants in their official capacities only.

Plaintiff states that on December 13, 2023, Officer Martin asked him if he wanted to be a trustee, which involved a move out of C-pod. Plaintiff states that he accepted the position, but did not want to move from C-pod until after the pod went to the commissary the next day. He owed a another inmate, a federal detainee, commissary items and would be unable to get these items to the detainee if he were to move pods. Martin told plaintiff that if he would move that day, Martin would make sure "it got taken care of." Doc. No. 1 at 9. At some point, but before he took care of it, Martin stopped working at the Warren County Jail.

In April 2024, plaintiff was placed back in C-pod with the federal inmate. The inmate remembered plaintiff's unpaid debt and assaulted him, breaking his jaw in multiple places, requiring reconstructive surgery with multiple plates and screws. Plaintiff states that his face is permanently scarred and disfigured, his mouth does "not work right," and he sustained nerve damage. *Id.* at 9. Plaintiff states that the federal inmate was known to have assaulted other inmates on numerous occasions.

Plaintiff called for a medical emergency and was taken to booking. Plaintiff states that while he was in booking, "Sgt. Poirer let me lay in booking area with [a] broken jaw and bleeding for approx[imately] 1 hr without calling [an] ambulance." *Id.* at 5. Eventually Poirer contacted Deputy Burns to take plaintiff to the hospital. Plaintiff was taken to Washington Hospital, which he states was not equipped to deal with his injury. After x-rays showed a compound fracture, plaintiff was transferred to Mercy Hospital in St. Louis for surgery. On April 22, 2024, plaintiff had two plates and several screws inserted in his jaw. He was discharged back to the Warren County Jail, where he was prescribed a liquid diet for the next six days. For these meals, he was given only six ounces of apple juice, six ounces of Cream of Wheat cereal, six ounces of Jell-o, and an eight-ounce diabetic shake. He states he lost 23 pounds during this time.

On April 30, 2024, the jail increased his portion size, but he was still given the same foods. On May 9, 2024, plaintiff's oral surgeon prescribed a soft diet. The jail did not follow this order for another nine days. Plaintiff was scheduled for a follow-up visit in four weeks, but as of the date of his Complaint (seven weeks later) he has not had this visit.

On April 29, 2024, plaintiff was taken off his pain medication. He states he was given ibuprofen and Tylenol although he ranked his pain at a seven. Plaintiff states that on numerous occasions, Dr. Buchanon told plaintiff to "deal with the pain, you['re] in jail." *Id.* at 7. Plaintiff also complained about the pain to Nurse Olivia, but she said there was nothing she could do. Plaintiff submitted six electronic medical requests for pain medicine over the next ten days. On May 17, Nurse Olivia responded to the request but plaintiff states she "didn't acknowledge anything about pain, disfigured, face or nerve damage." *Id.* Plaintiff filed a grievance appeal. Lt. Bennett responded by asking plaintiff what he wanted. "I stated I wanted my face fixed. He said you['re] in jail." *Id.* He told plaintiff to contact him when he knew what he wanted, but Lt. Bennett

has not responded to plaintiff for weeks. Plaintiff submitted more electronic medical requests. On June 6, 2024, Officer Dietriek refused to give plaintiff an ice pack and Tylenol.

Plaintiff alleges his assault occurred because of the negligence of Officer Martin. He claims defendants were deliberately indifferent to his medical needs. And he claims his constitutional rights were violated when he was given the same small meal three times a day for six weeks and lost 23 pounds. For relief, plaintiff seeks $327,848.40 in damages for these constitutional violations.

**Discussion**

Plaintiff's complaint names five defendants, all of whom are sued only in their official capacities. As will be discussed below, plaintiff's official capacity claims are subject to dismissal for failure to state a claim upon which relief may be granted. The Court will allow him to file an amended complaint to cure this deficiency.

Plaintiff has sued defendants Bennett, Poirier, Conley, Martin, and Nurse Olivia in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County").

Here, defendants are alleged to be employed by the Warren County Jail. Thus, plaintiff's official capacity claims against these defendants are actually claims against Warren County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state an actionable § 1983 claim against a municipal defendant, a plaintiff must plead that his or her constitutional rights were

violated as a result of (i) some policy or custom adopted by the municipal defendant, or (ii) a clearly identifiable lack of adequate training by the municipal defendant. *City of Canton v. Harris*, 489 U.S. 378, 386-87 (1989); *see also Kiefer v. Isanti Cnty., Minn.*, 71 F.4th 1149, 1152-54 (8th Cir. 2023) (finding county cannot be held liable under § 1983 unless it violated an official policy, unofficial custom, or was deliberately indifferent in training and supervision).

Plaintiff has not alleged Warren County violated any official policy, unofficial custom, or failed to train and supervise its employees, and therefore his claims against the individual defendants brought in their official capacities must be dismissed. Because plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

## Instructions for Amended Complaint

Plaintiff should file his amended complaint on the Court's prisoner civil rights complaint form, which will be provided. He should fill out the complaint form in its entirety, and ensure that it is signed. *See* Fed. R. Civ. P. 11(a). In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. As stated above, the failure to sue a defendant in his or her individual capacity will result in the dismissal of that defendant.

Because plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing.

*See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## Motion for Appointment of Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $20 within **30 days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court-provided form as instructed above withing 30 days of the date of this Memorandum and Order. If plaintiff fails to file an amended complaint in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

Dated this 10th day of September, 2024.

   s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE