**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

GARY W. FARRIS, )
)
        Plaintiff, )
)
      v. )      No. 4:24-CV-898-ACL
)
LT. ADAM BENNETT, et al., )
)
        Defendants. )

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Defendants Lt. Adam Bennett, Augie Martin, and Olivia McGah's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rules 12(b)(5) and (6). Plaintiff has not responded to the motion, and the time for doing so has passed. For the following reasons, the Court will grant Defendants' motion to the extent it seeks to dismiss Plaintiff's constitutional claims against Defendant Martin based on qualified immunity, and deny it in all other respects.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The Court is not "bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, the reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Id*. "This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim or element." *Delker v. MasterCard International, Inc.*, 21 F.4th 1019, 1024 (8th Cir. 2022).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## The Amended Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights when they failed to protect him from a violent inmate and failed to adequately treat his serious medical condition at the Warren County Jail. Named as Defendants are the following officers and employees of the jail: Adam Bennett (Lieutenant), Augie Martin (Correctional Officer), and Olivia McGah (Nurse).[1]

---

[1] On June 17, 2025, the Court dismissed Plaintiff's claims against Defendant Julie Poirer on initial review for failure to state a claim upon which relief may be granted. *See* ECF No. 13.

Plaintiff states that on December 13, 2023, Officer Martin asked him if he wanted to be a trustee, which involved moving out of his cell in C-pod.  Plaintiff states that he accepted the position, but did not want to move from C-pod until after the pod went to the commissary the following day.  He owed another inmate, a federal detainee, commissary items and would be unable to get these items to the detainee if he were to move pods.  Martin told Plaintiff that if he would move pods that day, Martin would "make sure it got taken care [of]."  ECF No. 6 at 5. Plaintiff understood this to mean that Martin would somehow take care of the debt Plaintiff owed to the federal detainee.  Plaintiff agreed to the move.  At some point before Martin took care of Plaintiff's debt, however, Martin stopped working at the Warren County Jail.

Plaintiff moved to H-pod and began working in the kitchen.  In April 2024, Plaintiff was placed back in C-pod with the federal pretrial detainee.  Unbeknownst to Plaintiff, Martin had not paid his debt as promised.  The federal detainee remembered the unpaid debt and assaulted Plaintiff, breaking his jaw in several places.  Plaintiff's jaw required reconstructive surgery using multiple plates and screws.  Plaintiff states that his face is permanently scarred and disfigured and his "mouth does not work right." *Id.*  Plaintiff states that the federal inmate who assaulted him was known to have assaulted other inmates on numerous occasions.

After the assault, doctors prescribed Plaintiff a liquid diet.  For six days, for each meal, Plaintiff was given six ounces of apple sauce, Cream of Wheat cereal, six ounces of Jell-O, six ounces of beef broth, and an eight-ounce diabetic shake.  Plaintiff consumed only 900 calories a day.  Plaintiff lost approximately 23 pounds on this liquid diet.  On May 9, 2024, his oral surgeon instructed the jail to serve him a soft diet, which took the jail nine days to implement.

3

Plaintiff alleges Defendants were negligent, failed to protect him from a known violent inmate, and were deliberately indifferent to his nutritional and medical needs.  For relief, he seeks more than $300,000 in damages.

**Discussion**

**I.      Motion to Dismiss Based on Qualified Immunity**

Defendant Augie Martin moves to dismiss Plaintiff's failure-to-protect claims as barred by the doctrine of qualified immunity.  The Eighth Circuit recently addressed the criteria for granting an officer qualified immunity at the motion to dismiss stage.  At this stage, "an officer may be granted qualified immunity 'only when the immunity is established on the face of the complaint.'" *Dukeman v. Ste. Genevieve Cnty.*, ___ F.4th ___, 2026 WL 393735, *2 (8th Cir. Feb. 12, 2026) (quoting *Carter v. Ludwick*, 139 F.4th 982, 989 (8th Cir. 2025)).  "Once qualified immunity is asserted, the plaintiff bears the burden of demonstrating the law confirming his constitutional right was clearly established."  *Id.*   To do this, Plaintiff must either "(1) point to existing circuit precedent that involves sufficiently similar facts to squarely govern the officer's actions such that the officer had notice that his [conduct] was unlawful; (2) present a robust consensus of cases of persuasive authority doing the same; or (3) demonstrate that a general constitutional rule applied with obvious clarity to the facts at issue." *Cameron v. City of Des Moines*, ___ F.4th ___, 2026 WL 535206, *2  (8th Cir. Feb. 26, 2026) (quoting *Boudoin v. Harsson*, 962 F.3d 1034, 1040 (8th Cir. 2020)).

Here, the Court is faced with a unique failure-to-protect situation.  Defendant Martin voluntarily assumed a duty to pay Plaintiff's debt to the violent federal detainee.  When he failed to pay the debt, the federal detainee attacked Plaintiff, causing substantial injuries.  No circuit precedent involves similar facts that squarely govern the officer's actions and there is no "robust

consensus of cases of persuasive authority" to do the same.  The Court is left to decide whether Plaintiff's constitutional right was clearly established based on "a general constitutional rule applied with obvious clarity to the facts at issue." *Id.*

The general rule establishing a constitutional failure-to-protect claim was announced in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To allege a plausible claim of an Eighth Amendment violation, Defendant must be sufficiently culpable or deliberately indifferent to Plaintiff's rights, health, or safety.  *Id.*  A defendant need not have known of the actual harm to the plaintiff; it is sufficient that they were aware of a substantial risk of serious harm and failed to respond reasonably to that risk.  *Id.* at 842.

The failure-to-protect law under *Farmer* has been clearly established for more than 30 years, but the test of "clearly established law" is not applied at a high level of generality.  *See Anderson v. Crieghton*, 483 U.S. 635, 639 (1987).  If it were, "Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights."  *Id.*  As the Eight Circuit has stated, the "inquiry does not require a case directly on point, but existing precedent must have placed the constitutional question beyond debate."  *Dukeman*, 2026 WL 393735, at *2.

The Court has not found any law concerning a correctional officer voluntarily assuming a duty one inmate owes to another, not upholding that duty, and being held constitutionally liable for failure to protect based on the subsequent consequences suffered by the inmate.  Nor would the general constitutional rule that prison officials not be deliberately indifferent to the safety of inmates apply "with obvious clarity to the facts at issue."  *Cameron*, 2026 WL 535206 at *2.  To so find would be an extension of clearly established case law.  Because the Court cannot find that Defendant Martin violated a clearly established constitutional right to protect Plaintiff when he

5

failed to satisfy Plaintiff's debt to the federal detainee, Defendant Martin is entitled to qualified immunity.

This does not leave Plaintiff without recourse. The common law of negligence is better suited to provide a possible remedy in this situation. "Negligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. banc 1997) (quoting *Restatement (Second) of Torts*, § 282 (1965)). So while it is not clearly established that Defendant Martin's conduct violated Plaintiff's constitutional rights, Plaintiff has stated a plausible claim of negligence arising out of CO Martin's conduct.

For these reasons, the Court grants Defendants' motion to dismiss Plaintiff's claims brought under 42 U.S.C. § 1983 for failure to protect against Defendant Martin.

## II.    Motion to Dismiss for Insufficient Service

Defendants also move to dismiss this action without prejudice for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). Because Plaintiff is proceeding *in forma pauperis*, the officers of the Court are tasked with service of process. *See* 28 U.S.C. § 1915(d). On June 17, 2025, the Court issued service on Defendants Martin, Bennett, and McGah. *See* ECF No. 13. The Clerk of Court hand delivered the summonses to the United States Marshal Service to be personally served on Defendants. *See* ECF No. 15.

Based on the returns of service filed July 1, 2025, the Marshal did not personally serve Defendants. He served a "Deputy Lazear," at an address listed as 111 S. 10th Street, St. Louis, which is the address for the Court, and remarked that he served Deputy Lazear "in cell block." *See* ECF Nos. 16-18. The Court presumes that Deputy Lazear was present at the federal courthouse,

likely transporting federal detainees housed at the Warren County Jail, and the Marshal handed him the summonses.

On the second page of the returns, the Marshal wrote that Deputy Lazear was designated by law to accept service of process on behalf of Defendants. *Id.* While Federal Rule of Civil Procedure 4(e) allows service by delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process," there is no indication that Deputy Lazear was authorized to receive service of process on behalf of Defendants. Fed. R. Civ. P. 4(e). Thus, Defendants are correct that they were not properly served process in accordance with Federal Rule 4(e).

The Court noted this issue for Plaintiff and Defendants when it denied Plaintiff's motion for Clerk's Entry of Default on August 12, 2025. *See* Doc. 25. At that point, Defendants' attorney had entered his appearance and sought additional time to file an answer. Defendants' attorney's general appearance, as opposed to a limited appearance, waived all questions of service of process. *See Ford v. Assoc. Elec. Coop., Inc.*, 2017 WL 5903969, *2 (E.D. Mo. Nov. 30, 2017) (citing *Crieghton v. Kerr*, 87 U.S. 8, 12 (1873) ("A general appearance waives all question of the service of process.") and *Pollard v. Dwight*, 8 U.S. 421, 428-29 (1808) (Defendants who appear in an action "place[] themselves precisely in the situation in which they would have stood, had process been served upon them[.]")). The Court finds Defendants have waived service by entering their general appearance. For this reason, the Court denies Defendants' motion to dismiss for insufficient service of process.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that Plaintiff's claims brought under

7

42 U.S.C. § 1983 against Defendant Augie Martin are **DISMISSED**, and denied in all other respects.  (ECF No. 26).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of March, 2026.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE